JAMES MILLER, Appellee, v. T. E. BROWN, Appellant.*

1. Appeal: EXCESSIVE VERDICT: EVIDENCE: ADMISSIONS. Where it appeared from the special finding of a jury that the amount allowed a plaintiff, under the general verdict, upon one count of his petition, exceeded the sum shown to be due the plaintiff on such cause of action according to his own undisputed testimony, *held*, that the judgment should be reversed.

2. Account: PAYMENT: EVIDENCE. The plaintiff brought this action upon an account for labor performed for defendant in prospecting for coal, and in sinking for drill holes for that purpose; and, further, for compensation for services rendered under an agreement to take charge, as superintendent, of the sinking of a shaft for the purpose of coal mining. The defendant pleaded payment, and upon the trial offered in evidence a number of checks, payable to the

---

* The original opinion in this case announced by the court on May 29, 1889, having been withdrawn by the court, is not printed in the official reports. It will be found in 42 N. W. Rep. 561.—REPORTER.

order of plaintiff, and marked, "On Acc. ;" also others payable in like manner, but without such mark; and still others payable to Walnut Creek Coal Company, or order, marked "Bal. Pay-Roll," and indorsed, "Walnut Creek Coal Co., by James Miller." The plaintiff admitted having received all of these checks in connection with the business of the defendant, but claimed that, with the exception of two of those marked "On Acc.," they were not applied upon his personal account. The defendant, on the other hand, contended that all checks not so applied were made payable to the Walnut Creek Coal Company. The trial court held that, of the checks offered, all those made payable to the Walnut Creek Coal Company were immaterial and withdrew such of them from the jury. *Held*, that an inspection of the checks excluded was important to enable the jury to understand fully the nature of the transaction in controversy, and that their withdrawal from the jury was, therefore, erroneous.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

SATURDAY, JANUARY 31, 1891.

ACTION to recover for services rendered, and for labor performed in prospecting for coal, and in sinking a coal shaft, and to recover damages for the alleged breach of an agreement to deliver certificates of the capital stock of a coal company. There was a trial by a jury, resulting in a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*St. John, Stevenson & Whisenand* and *Kauffman & Guernsey*, for appellant.

*Parsons & Perry*, for appellee.

ROBINSON, J.—The petition contains three counts. In the first plaintiff alleges that, in the year 1884, he performed certain labor for defendant in prospecting for coal, and in sinking drill holes for that purpose, the reasonable value of which was seven hundred and seven dollars. In the second count plaintiff claims that in the same year he entered into an oral agreement with the defendant to take charge as superintendent of the sinking of a shaft for the purpose of coal mining, for the compensation of one hundred dollars per month, and that he acted as superintendent under that agreement

for the period of six months, for which there is now due him the sum of six hundred dollars. In the third count the plaintiff alleges that, in the year 1884, it was orally agreed between the plaintiff and the defendant that a stock company should be organized for the purpose of carrying on the business of coal mining under the personal superintendence of the plaintiff; that, in consideration of services to be rendered by the plaintiff, he was to be paid one hundred dollars per month, and receive one-fifth of the capital stock of the company, which was to be issued in the name of K. C. Miller, for the benefit of the plaintiff, as soon as the company should be organized; that the company was organized under the name of the Walnut Creek Coal Company on or about the twenty-fifth day of November, 1884; that the defendant has refused to cause to be delivered to the plaintiff certificates for his share of the stock, and has converted the same to his own use; that the stock so converted was worth more than ten thousand dollars.

For answer to the first and second counts of the petition the defendant denies the allegations thereof, and avers that he has paid the plaintiff in full for all services rendered. The allegations of the third count are also denied. For further answer, and by way of counterclaim, the defendant alleges that, at divers times between the first day of July, 1886, and the fifteenth day of January, 1887, at the request and for the use of the plaintiff, he paid sums of money, amounting, in the aggregate, to two hundred and eighty-four dollars, of which the sum of one hundred and twenty dollars is due and unpaid. And judgment for that amount is demanded. The verdict of the jury was for the plaintiff in the sum of nine hundred and fifty-seven dollars. Certain special findings were returned, which showed that the jury allowed the plaintiff three hundred and fifty-seven dollars on the first count of his petition, six hundred dollars on the second and nothing on the third, and that the defendant was allowed nothing on his counterclaim. Judgment was rendered in favor of the

plaintiff for the amount of the verdict and costs. On a former submission of this cause, an opinion was filed affirming the judgment of the district court. 42 N. W. Rep. 561. A petition for rehearing was granted, and the cause is submitted for our determination.

I. The appellant contends that the amount allowed by the jury on the first and second counts of the petition is excessive. Plaintiff claims that he is entitled to compensation for drilling and sinking six prospect holes, at the rate of one dollar per foot for each hole drilled to the depth of one hundred feet, or less, and for all in excess of one hundred feet at the rate of one dollar and twenty-five cents per foot. The petition avers that one hole was one hundred and seventy-one feet deep; that another was seventy-seven feet deep, another fifty-seven feet deep, another one hundred and thirty-three feet, another sixty-eight feet; and another one hundred and sixty feet; and that the amount due for sinking them all, at the rate specified, is seven hundred and seven dollars. The plaintiff, in testifying, stated that the drilling of all the wells amounted to six hundred and ninety dollars, and that he had received on account thereof the sum of three hundred and fifty dollars. It seems that one hole was sunk in what is called "Brown's Woods," and the others in what is called the "Lake Farm." When asked as to the depth of the holes in controversy, he testified that the one in Brown's woods was one hundred and seventy-one feet deep, and that of the others one was seventy-seven feet deep, one was thirty feet deep, one was twenty-eight feet, one was one hundred and thirty-three feet, and one was sixty-eight feet deep. The depths thus given by plaintiff in his testimony were not questioned, and, for the purpose of this appeal, must be accepted as correct. Computing the value of the labor performed by plaintiff in sinking each hole at the prices he claims he is entitled to receive, and it appears that he was entitled to but five hundred and thirty-three dollars for the six holes. Since the jury allowed him all he

claims on the second count of his petition, and he admits having received three hundred and fifty dollars on account of the services for which he claims in the two counts, it is clear that he was entitled to recover on the first count only the difference between five hundred and thirty-three dollars and three hundred and fifty dollars, or one hundred and eighty-three dollars. The amount allowed on that count—three hundred and fifty-seven dollars—was, therefore, excessive. It appears that the amount so allowed was ascertained by deducting the three hundred and fifty dollars paid from the seven hundred and seven dollars claimed in the petition. But there was no evidence to support that claim, and, when the plaintiff testified to the items composing his claim, it appeared without dispute that he was not entitled to be allowed the sum of six hundred and ninety dollars, of which he spoke in a general way as being the amount of his claim. The evidence did not justify an allowance of more than five hundred and thirty-three dollars for the six holes.

II. The appellant complains of the ruling of the district court in refusing to admit in evidence certain 2. Account: pay- checks which were offered by him. The ment: evidence. answer pleaded payment for all services upon which the first and second counts of the petition were based. The plaintiff admits having received checks drawn by the defendant in connection with their business. Ten of the checks so drawn were numbered from eleven to twenty inclusive, were made payable to plaintiff or order, and were marked "On Acc." Three were numbered, respectively, 21, 22 and 22 1-2, and were payable to plaintiff. Twenty-one, numbered from twenty-three to forty-three inclusive, were made payable to Walnut Creek Coal Company or order, and were marked "Bal. Pay-Roll." They were drawn before the twenty-seventh day of November, 1884, when the coal company was incorporated, and had been indorsed "Walnut Creek Coal Co., by James Miller," and amounted, in the aggregate, to about thirty-four

hundred and twenty-four dollars and thirty-four cents. The defendant contended that the checks drawn to plaintiff, or order, and marked "On Acc.," were to be applied on his personal account. Plaintiff, however, insisted that but two of such checks were applied on his personal account, and that the others were applied in sinking the coal shaft. The defendant claimed that all checks used for the purpose of sinking the shaft were made payable to the Walnut Creek Coal Company. The court, however, ruled that all the checks last described were immaterial, and withdrew them from the jury. In that, we think, there was error. The fact that some of the checks drawn by defendant and delivered to and used by plaintiff were made payable to him, and purported to be drawn on account, while others were made payable to the coal company, and purported to be on account of a pay-roll, was some corroboration of the claim of defendant that the personal account of plaintiff was kept separate from the account of the coal company, and that all of the checks first described were to be applied on his personal account. Had the jury found that claim to be well founded, they might have found that the plea of payment as to the first count was sustained. The defendant also claimed that the shaft was sunk, not by himself, but by the unorganized coal company; that he was not responsible for the services rendered by plaintiff in sinking it; and that, if he is responsible, to any extent, for the reason that he was a member of an unincorporated company, the plaintiff, as a member of the same company, is liable to the same extent, and cannot recover of defendant in an action at law, for the services upon which the second count is founded. We are of the opinion that an inspection of the checks excluded by the court was important to enable the jury to understand fully the nature of the transaction in controversy.

III. Appellant discusses other questions, which involve a consideration of the evidence and matters of practice. In view of the conclusions already announced,

and for the reason that some of the questions discussed are not likely to arise on another trial, we do not deem it proper to determine the questions so presented.

For the errors pointed out, the judgment of the district court is REVERSED.